## EL PUEBLO DE PUERTO RICO, demandante y apelado, v. AGUSTÍN DEL VALLE, acusado y apelante.

No. 2384.—*Visto:* Marzo 5, 1925. *Resuelto:* Marzo 31, 1925.

1. "INDICTMENT" Y ACUSACIÓN—ENMIENDAS—ACUSACIÓN—MOMENTO OPORTUNO PARA ENMENDAR.—Una acusación por adulterio, insuficiente por no alegar

que una de las personas envueltas era casada, no puede ser enmendada durante el juicio, aunque la corte, al permitir la enmienda, concedió al acusado otra oportunidad para repreguntar al único testigo de cargo que había declarado y autorizó la presentación de prueba de descargo en otra sesión de la corte.

Sentencia de *Tomás Bryan*, J. (Aguadilla), condenando al acusado por adulterio. *Revocada la Sentencia y Devuelto el Caso para Ulteriores Procedimientos.*

*Buenaventura Esteves* y *Juan García Ducós*, Abogados del apelante; *José E. Figueras*, Abogado de El Pueblo, apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia que declaró al acusado culpable de un delito de adulterio y le condena a la pena de cinco años de cárcel.

La acusación tal como fué presentada y leída al acusado, textualmente decía:

"El Fiscal formula acusación contra Agustín del Valle, por un delito de adulterio, (*misdemeanor*) cometido como sigue: El referido acusado Agustín del Valle, en época anterior a la presentación de esta acusación, o sea allá por uno de los días del mes de abril del año 1923, en el Bo. Goatemala de San Sebastián, P. R., que forma parte del Distrito Judicial de Aguadilla, P. R., allí y entonces, ilegal y voluntariamente tuvo comercio carnal con la joven soltera Josefa Pardo Jiménez, la que no era su cónyuge."

La simple lectura de esta acusación nos dice que ella no imputa el delito de adulterio. Falta la alegación de que el acusado era casado. No obstante en tal forma redactada se comenzó el juicio y ya cuando había sido practicada parte de la prueba de cargo, el fiscal se dió cuenta que faltaba un requisito esencial en la acusación que imputara un delito público y solicitó entonces de la corte inferior permiso para enmendar la acusación mediante la moción que dice:

"Sr. Juez: Deseo suplicar a su señoría permita al Ministerio Fiscal añadirle dos palabras a esta acusación, las cuales son 'siendo casado,' después de las palabras 'allí y entonces.' El fiscal quiere manifestarle a la corte que este fué un error clerical de mi taquí-

grafo, que al copiar una acusación que le hice, omitió esas dos palabras. Para probar esto deseo que su señoría me permita examinar al taquígrafo bajo juramento.''

El acusado se opuso a la moción y la corte, después de practicada la prueba ofrecida en el incidente, resolvió permitir la enmienda, dictando la resolución que sigue:

"La corte va a resolver ahora el fondo de la cuestión del modo siguiente: que como el alegar en una denuncia por delito de adulterio que uno de los individuos que lo cometen, por lo menos, es casado, es un elemento esencial de la denuncia, y en el estado en que está este caso pudiera causar sorpresa al acusado el permitir, como permite la corte, se enmiende la denuncia o acusación agregando o intercalando las palabras 'siendo casado', la corte autoriza a los letrados del acusado y al acusado, a repreguntar en relación con esta enmienda a la única testigo Josefa Pardo que ha declarado en este caso, así como a cualquier otro testigo que introduzca el fiscal o pueda introducir, y también autoriza al acusado para que presente su prueba de descargo en otra sesión que la corte fije con tal fin, a fin de que no quede indefenso o pueda alegar indefensión en el caso."

La cuestión para resolver en vista de dicha resolución es si empezado el juicio podía permitirse una enmienda que subsanaba un defecto substancial en la acusación, pues de otro modo no imputaba un delito, sin que el acusado tuviera la oportunidad para contestar de nuevo a la acusación enmendada y sobre todo habiéndose manifestado la oposición del acusado.

No tenemos dudas de que la corte inferior erró al acceder a la enmienda solicitada. La resolución perjudicó los derechos substanciales del acusado y la jurisprudencia sostiene lo irregular del procedimiento seguido en este caso.

"Una acusación puede ser enmendada por. el gran jurado con permiso de la corte en cualquier tiempo antes que la misma sea presentada y el jurado haya abandonado la corte. En ausencia de preceptos constitucionales sobre la materia se ha establecido que el permiso para enmendar una acusación debe ser concedido, a moción durante el juicio, cuando no perjudique al acusado, pero no en mate-

rias substanciales, a menos que sea a instancia y con el consentimiento del acusado.

\*        \*        \*        \*        \*        \*        \*

"Las enmiendas a acusaciones son generalmente establecidas por estatuto y frecuentemente, bajo los mismos, con permiso de la corte, una acusación puede ser enmendada en hechos substanciales lo mismo que de forma después que se ha hecho una alegación de no culpable y antes de que el juicio haya empezado, y en materias de forma, después que el juicio ha comenzado.

\*        \*        \*        \*        \*        \*        \*

"Después que una acusación ha sido enmendada en un aspecto material, el acusado no debe ser llevado a juicio sin la previa lectura y sin darle oportunidad para hacer su alegación." 14 R. C. L. 192.

California Jurisprudence, tomo 4, página 92, tratando sobre acusaciones, dice lo siguiente:

"Si una acusación adolece del defecto de no imputar un delito y es enmendada con objeto de imputarlo, debe ser tratada como una acusación original por primera vez presentada y el acusado debe contestarla antes de que el juicio se lleve a cabo."

En el caso de *McKay* v. *State,* 39 L. R. A. (N. S.) 714, que se consideró la misma cuestión, el lenguaje de la corte es como sigue:

"No convenimos con el abogado del acusado en que un juicio bajo la acusación enmendada lo expondría a un *jeopardy* por segunda vez. La acusación original, que era nula de su faz, no era una acusación. Y nada bajo la misma pudo haber expuesto al acusado a un *jeopardy*. La corte hizo bien en permitir la enmienda, pero erró al obligar al acusado a continuar el juicio inmediatamente sin la lectura y la alegación a la única acusación que imputaba un delito, y sin darle el tiempo determinado por el estatuto para hacer su alegación y ante un jurado que había sido insaculado bajo una acusación nula."

No hace diferencia que en este caso la acusación esté presentada directamente por el fiscal y no por el gran jurado, pues el principio envuelto es el mismo. No se pudo compeler al acusado a continuar el juicio, no importa el tiempo que se le concedió para presentar la prueba de descargo ni

para repreguntar de nuevo al testigo que había declarado, sin la lectura y la alegación a la única acusación que imputaba un delito a virtud de la enmienda, siendo este el derecho fundamental del acusado, el que fué lesionado.

Por las razones expuestas, *debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*